# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>START MAN FURNITURE, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10553 (CTG)<br><br>(Jointly Administered) |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of Start Man Furniture, LLC, *et al.*,<br><br>Plaintiff,<br><br>vs.<br><br>ALAN J. SUSSMAN & ASSOCIATES, INC. dba THE SUSSMAN AGENCY,<br><br>Defendant. | Adv. Proc. No. 22-50172 (CTG) |

## ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

Alan J. Sussman & Associates, Inc. dba The Sussman Agency ("Defendant"), by and through its undersigned counsel, responds and answers the *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550* (the "Complaint")[2] filed by Alfred T. Giuliano, in his capacity as Chapter 7 Trustee of Start Man Furniture, LLC *et. al.* ("Plaintiff") as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Complaint.

4850-0856-5494.v1

## THE PARTIES

1. Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

4. Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure and Rule 7008-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware, to the entry of a final order by the Court in connection with the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

## BASIS FOR RELIEF REQUESTED

8. Defendant states that no answer is required with respect to the allegations contained in Paragraph 8 of Plaintiff's Complaint as such paragraph seeks to characterize the nature of the Plaintiff's allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 8 of Plaintiff's Complaint.

**FACTS**

9. Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant is without sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 10 of Plaintiff's Complaint and, therefore, denies such allegations.

11. Defendant is without sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 11 of Plaintiff's Complaint and, therefore, denies such allegations.

12. Defendant is without sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 12 of Plaintiff's Complaint and, therefore, denies such allegations.

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preferential Transfers – 11 U.S.C. § 547)**

13. Defendant believes that no response is required as to Paragraph 13 of Plaintiff's Complaint. To the extent that a response is necessary, Defendant re-alleges and incorporates its responses to all preceding paragraphs as if fully set forth herein.

14. Defendant is without sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 14 of Plaintiff's Complaint and, therefore, denies such allegations.

15. Defendant is without sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 15 of Plaintiff's Complaint and, therefore, denies such allegations.

4850-0856-5494.v1

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant admits the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant is without sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 19 of Plaintiff's Complaint and, therefore, denies such allegations.

20. Defendant is without sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 20 of Plaintiff's Complaint and, therefore, denies such allegations.

21. Defendant admits the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

**SECOND CLAIM FOR RELIEF**
**(For Recovery of Property – 11 U.S.C. § 550)**

23. Defendant believes that no response is required as to Paragraph 23 of Plaintiff's Complaint. To the extent that a response is necessary, Defendant re-alleges and incorporates its responses to all preceding paragraphs as if fully set forth herein.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

4850-0856-5494.v1

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

A. The Complaint fails to state a claim against Defendant upon which relief can be granted.

B. For all counts of the Complaint, Plaintiff fails to plead with sufficient specificity pursuant to Rules 7008, 7009 and 7010 of the Federal Rules of Bankruptcy Procedure.

C. None of the Transfers are avoidable or recoverable because each such Transfer was: (i) in payment of a debt incurred by one or more of the Debtors in the ordinary course of business or financial affairs of such Debtor(s) and the transferee; and (ii) made in the ordinary course of business or financial affairs of one or more of the Debtors and the transferee, all within the meaning of section 547(c)(2)(A) of the Bankruptcy Code.

D. None of the Transfers are avoidable or recoverable because each such Transfer was: (i) in payment of a debt incurred by one or more of the Debtors in the ordinary course of business or financial affairs of such Debtor(s) and the transferee; and (ii) made according to ordinary business terms, all within the meaning of section 547(c)(2)(B) of the Bankruptcy Code.

E. The Transfers are not avoidable or recoverable because, as contemplated by section 547(c)(4) of the Bankruptcy Code, after each such Transfer, the transferee: (i) gave new value to or for the benefit of one or more of the Debtors; (ii) which was not secured by an otherwise unavoidable security interest; and (iii) on account of such new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of the transferee.

F. Plaintiff may not avoid the Transfers because such Transfers were: (i) intended by one or more of the Debtors and the Defendant to be a contemporaneous exchange for new value given to the Debtors, and (ii) in fact a substantially contemporaneous exchange.

G. The Transfers are not avoidable or recoverable from Defendant because Defendant was a mere conduit with respect to the Transfers.

H. To the extent Defendant received any of the Transfers and was not the initial transferee of such Transfers, Plaintiff cannot recover from Defendant because Defendant took the Transfers for value, in good faith and without knowledge of the voidability of the Transfers.

I. Defendant is entitled to setoff against any claim for any amounts owed to Defendant by the Debtors for unpaid post-petition charges.

## RESERVATION OF RIGHTS

Defendant reserves its right to present additional affirmative defenses as new facts are presented and as discovery progresses.

**WHEREFORE**, Defendant respectfully requests that this Court enter an order: (i) dismissing this adversary proceeding with prejudice, (ii) awarding Defendant fees and costs incurred in responding to this matter, and (iii) granting Defendant such other and further relief as is just and proper.

4850-0856-5494.v1

Respectfully submitted by:

**WOMBLE BOND DICKINSON (US) LLP**

By: */s/ Ericka F. Johnson*
Ericka F. Johnson (Del. Bar No. 5024)
1313 North Market Street, Suite 1200
Wilmington, DE 19801
Phone: (302) 252-4337
Fax: (302) 252-4330
Ericka.Johnson@wbd-us.com

-and-

**JAFFE RAITT HEUER & WEISS, P.C.**

Paul R. Hage
Kimberly Ross Clayson
27777 Franklin Road, Suite 2500
Southfield, MI  48034
Phone: (248) 351-3000
phage@jaffelaw.com
kclayson@jaffelaw.com

*Attorneys for Alan J. Sussman & Associates, Inc. dba The Sussman Agency*

Dated:  June 29, 2022

7