**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>START MAN FURNITURE, LLC, *et al.,*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10553 (CTG)<br>**Re: Docket No. 1588**<br><br>(Jointly Administered) |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of Start Man Furniture, LLC, *et al.*,<br><br>Plaintiff,<br>v.<br><br>FRANKLIN CORP.; FIRST-CITIZENS BANK & TRUST COMPANY d/b/a THE CIT GROUP,<br><br>Defendants. | Adv. Proc. No. 22-50159 (CTG)<br>**Re: Docket No. 33** |
| ALAN J. SUSSMAN & ASSOCIATES, INC.,<br><br>Defendant. | Adv. Proc. No. 22-50172 (CTG)<br>**Re: Docket No. 35** |
| CAMPBELL SALES GROUP, INC. dba LEATHER ITALIA USA,<br><br>Defendant. | Adv. Proc. No. 22-50174 (CTG)<br>**Re: Docket No. 30** |
| DETROIT PISTONS BASKETBALL COMPANY,<br><br>Defendant. | Adv. Proc. No. 22-50189 (CTG)<br>**Re: Docket No. 32** |
| KITH FURNITURE, LLC,<br><br>Defendant. | Adv. Proc. No. 22-50197 (CTG)<br>**Re: Docket No. 28** |

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

| | |
|---|---|
| MICHAEL NICHOLAS DESIGNS, INC.,<br><br>         Defendant. | Adv. Proc. No. 22-50200 (CTG)<br>**Re: Docket No. 26** |
| PAXTON SALES, INC.,<br><br>         Defendant. | Adv. Proc. No. 22-50216 (CTG)<br>**Re: Docket No. 20** |

## ORDER GRANTING NINTH OMNIBUS MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, TO APPROVE SETTLEMENT AGREEMENTS

Upon consideration of the *Ninth Omnibus Motion of Alfred T. Giuliano, Chapter 7 Trustee, to Approve Settlement Agreements* (the "Motion")[2] of Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), for entry of an order (this "Order"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, to approve the settlement agreements (the "Settlement Agreements") between the Trustee and (a) FRANKLIN CORP.; FIRST-CITIZENS BANK & TRUST COMPANY d/b/a THE CIT GROUP ("FRANKLIN") [Adv. Proc. No. 22-50159]; (b) ALAN J. SUSSMAN & ASSOCIATES, INC., ("SUSSMAN") [Adv. Proc. No. 22-50172]; (c) CAMPBELL SALES GROUP, INC. dba LEATHER ITALIA USA ("CAMPBELL") [Adv. Proc. No. 22-50174]; (d) DETROIT PISTONS BASKETBALL COMPANY ("PISTONS") [Adv. Proc. No. 22-50189]; (e) KITH FURNITURE, LLC ("KITH") [Adv. Proc. No. 22-50197]; (f) NICHOLAS DESIGNS, INC. ("MND") [Adv. Proc. No. 22-502]; and (g) PAXTON SALES, INC. ("PAXTON") [Adv. Proc. No. 22-50216] (the above collectively referred to herein as the "Defendants"); copies of Settlement Agreements are attached hereto as Exhibits 1 through 7; the Court having reviewed the Motion and the Settlement Agreements and having considered the record with respect to the Motion; the Court having found that (a) the district court has jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for*

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

*the District of Delaware*, dated February 29, 2012, and that this Court may enter a final order

consistent with Article III of the United States Constitution**,** (b) this is a core proceeding pursuant

to 28 U.S.C. § 157(b), (c) notice of the Motion was sufficient under the circumstances and in full

compliance with Bankruptcy Rule 2002 and the local rules of this Court, (d) the Settlement

Agreements (i) are the product of good faith, arms' length negotiations among the Parties,

without collusion, (ii) are fair, reasonable, appropriate and in the best interests of the Debtors'

estates and (iii) represent a sound exercise of the Trustee's business judgment and (e) each of the

Parties to the Settlement Agreements provided sufficient consideration for the transactions

contemplated by the Settlement Agreements; and the Court having determined that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; IT IS

HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The terms of the Settlement Agreements attached hereto as Exhibits 1

through 7 are APPROVED in their entirety pursuant to sections 105(a) and 363(b) of the

Bankruptcy Code and Bankruptcy Rule 9019.

3.      The Parties are hereby authorized to take such additional actions or execute

such additional documents as are necessary or appropriate to implement the terms of the

Settlement Agreements.

4.      Notwithstanding the possible applicability of Rules 6004, 7062, or 9014 of

the Bankruptcy Rules, any other Bankruptcy Rule, this Order shall be immediately effective and

enforceable upon its entry and there shall be no stay of effectiveness or execution of this Order.

5.      The Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreements or this Order.


**Dated: September 8th, 2023**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**